IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

ADRIAN D. BRIGGS,

    Petitioner,

v.                          CRIMINAL ACTION NO. 4:17-cr-33

UNITED STATES OF AMERICA,

    Respondent.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Adrian D. Briggs' ("Petitioner") Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 95. The Government opposed the motion, and Petitioner filed a reply. ECF Nos. 100, 101. Having been fully briefed, this matter is ripe for judicial determination.

**I. FACTUAL AND PROCEDURAL HISTORY**

On August 11, 2016, Petitioner, while on supervised probation, used a firearm to steal a vehicle from a victim in Newport News. ECF No. 65. On April 11, 2017, Petitioner was named in a two count Indictment charging Petitioner with Carjacking and Brandishing a Firearm in Furtherance of a Crime of Violence. ECF No. 1. On August 31, 2017, Petitioner was found guilty by a jury on both counts. ECF No. 55. On November 29, 2017, this Court sentenced Petitioner to a total of 144 months in prison and 3 years of supervised release. ECF Nos. 69, 73.

Petitioner, age 23, is currently incarcerated at FCI Beckley. ECF No. While at FCI Beckley, Petitioner has been involved in five incident reports, including possessing a dangerous weapon. ECF No.100 at 16. Though Petitioner signed up to enroll in educational and vocational classes, he

1

has not completed any classes. ECF No. 95 at 3. On April 10, 2020, Petitioner made a written request for compassionate release to the Warden at FCI Beckley. *Id.* The Warden denied Petitioner's request on April 23, 2020. ECF No. ECF No. 95-2.

On April 9, 2020, Petitioner filed a *pro se* motion for compassionate release. ECF No. 90. On May 20, 2020, Petitioner, through counsel, filed a revised motion for compassionate release citing chest pains, shortness of breath, and the injuries he experienced from gunshot wounds he suffered in 2016. ECF No. 95. Petitioner also cites concerns regarding his inability to practice social distancing while in prison. *Id.* Petitioner requests that this Court allow him to finish out the remainder of his sentence on home confinement. *Id.*

On June 4, 2020, the Government opposed the motion. ECF No. 100. Petitioner filed a reply on June 9, 2020. ECF No. 101. Petitioner's medical records were filed under seal. ECF Nos. 96–98. Petitioner's projected date of release is on June 26, 2027.

## II. LEGAL STANDARD

### A. The Exhaustion Requirement

A petitioner may bring a motion to modify his or her sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, A petitioner seeking compassionate release is generally required to exhaust his or her administrative remedies prior to bringing a motion before the district court. *Id.*

### B. The Compassionate Release Standard

As amended by the FIRST STEP Act, a court may modify a term of imprisonment on the motion of the petitioner after considering the factors set forth in 18 U.S.C. § 3553(a) if

2

"extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling reasons" was previously defined by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. § 1B1.13, Application Note 1. Before the passage of the FIRST STEP Act, the Sentencing Commission provided that a sentence may be modified due to the petitioner's medical condition, age, or family circumstances and further defined the limits under which a sentence reduction may be given under those justifications. U.S.S.G. § 1B1.13, n. 1 (A)–(C). The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n. 1 (D). Use of the "catch-all provision" prior to the FIRST STEP Act was severely restricted because it required approval from the BOP before an individual could petition the district court for relief. *Id.*

However, U.S.S.G. § 1B1.13 is now outdated following the passage of the FIRST STEP Act, which allows individuals to petition the district court directly without clearance from the BOP. As such, U.S.S.G. § 1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *McCoy v. United States*, 2020 WL 2738225, at *4 (E.D. Va. May 26, 2020); *see also United States v. Lisi*, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) ("[T]he Court may independently evaluate whether [petitioner] has raised an extraordinary and compelling reason for compassionate release ... [but § 1B1.13's policy statement] remain[s] as helpful guidance to courts...."); *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("[T]he Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive"). A petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C.

§ 994(t). In sum, the Court may consider a combination of factors, including but not limited to those listed in U.S.S.G. § 1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i).

### III. DISCUSSION

#### A. The Exhaustion Requirement

Petitioner has met the exhaustion requirement prior to bringing his motion with the Court. On April 10, 2020, Petitioner made a written request for compassionate release to the Warden at FCI Beckley. ECF No. 95 at 3. On April 23, 2020, the Warden denied Petitioner's request. ECF No. ECF No. 95-2. More than 30 days have lapsed since Petitioner sent his request to the Warden, and therefore, Petitioner has satisfied the exhaustion requirement.

#### B. Compassionate Release

The Court now turns to whether Petitioner has set forth extraordinary and compelling reasons to justify his immediate release. According to Petitioner's motion and presentence report ("PSR"), Petitioner suffered multiple gunshot wounds in 2016. ECF No. 95. Petitioner notes that he continues to suffer from his injuries and has experienced chest pains and shortness of breath. *Id.* Petitioner also notes that given the rapid spread of COVID-19, inadequate testing, and an inability to effectively practice social distancing measures while in prison, extraordinary and compelling reasons exist for his immediate release. *Id.* at 3–5.

The Court does not find that Petitioner has set forth extraordinary and compelling reasons to justify his release. First, Petitioner does not show a particularized susceptibility to COVID-19. While Petitioner suffered gunshot wounds in 2016, his medical records indicate that his gunshot wounds were treated. Petitioner's medical records neither reflect any issues with shortness of breath or chest pains nor does it indicate any underlying health issues that puts Petitioner at a

higher risk for serious illness if he contracts COVID-19.[1] There is also no support in the record that the medical staff at the BOP are unable to treat any of Petitioner's medical conditions.

Second, while the Court understands the magnitude of the COVID-19 pandemic and its effect on prisons, the pandemic alone does not warrant compelling and extraordinary reasons for the release of all inmates. *See United States v. Carter*, No. 2:19-CR-00078, 2020 WL 3458598, at *5 (S.D.W. Va. June 25, 2020) (noting that while any number of COVID-19 cases within a prison is of great concern, "a generalized assertion of the existence of the pandemic alone cannot independently justify compassionate release"). Federal courts around the country have found that the pandemic may pose extraordinary and compelling reasons for petitioners with underlying health conditions that substantially increases the risk of severe illness if they contract COVID-19. *United States v. Zukerman*, 2020 WL 1659880, at *5 (S.D.N.Y. Apr. 3, 2020); *United States v. Rodriguez*, 2020 WL 1627331, at *7 (E.D. Pa. Apr. 1, 2020); *United States v. Jepsen*, No. 3:19-CV-00073 (VLB), 2020 WL 1640232, at *5 (D. Conn. Apr. 1, 2020); *United States v. Muniz*, No. 4:09-CR-0199-1, 2020 WL 1540325, at *2 (S.D. Tex. Mar. 30, 2020); *United States v. Campagna*, No. 16 CR. 78-01 (LGS), 2020 WL 1489829, at *3 (S.D.N.Y. Mar. 27, 2020). In doing so, courts routinely turn to the Centers for Disease Control and Prevention ("CDC") for guidance on individuals who may be at higher risk for serious illness if they contract the virus.[2] Unlike the individuals in the above cases, Petitioner's medical records do no indicate that he is at increased risk for serious illness if he contracts the virus. Petitioner has otherwise failed to identify compelling and extraordinary reasons to justify his release.

---

[1] Centers for Disease Control and Prevention, "People Who are at Increased Risk for Severe Illness," *CDC.gov*, available at https://www.cdc.gov/coronavirus/2019-ncov/specific-groups/people-at-higher-risk.html

[2] Centers for Disease Control and Prevention, "People of Any Age with Underlying Medical Conditions," *CDC.gov*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html

Finally, the § 3553(a) factors weigh against Petitioner's compassionate release. Petitioner's criminal history and the seriousness of his conduct remain unchanged. Petitioner committed the underlying offenses of Carjacking and Brandishing a Firearm in Furtherance of a Crime of Violence while on a supervised term of probation. ECF No. 65. By the time Petitioner committed these violent offenses, he was convicted of six other crimes as an adult, including a firearm offense. *Id.* Petitioner is 23-years old. While at FCI Beckley, Petitioner has not completed any of the educational or vocational courses. ECF No. 95. Petitioner has also been involved in five incident reports, including possessing a dangerous weapon. ECF No. 100. To date, Petitioner has served only a small percentage of his term of incarceration and could benefit from correctional treatment. *See* 18 U.S.C. § 3553(a)(2)(A)–(D). Given the circumstances in Petitioner's case, the Court finds that Petitioner poses a high risk for recidivism and is a danger to the community. Thus, Petitioner's immediate release, or request for home confinement, is inappropriate at this time.

### IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED**.

Newport News, Virginia
July /6, 2020

/s/
Raymond A. Jackson
United States District Judge